## WILEY v. CITY OF COLUMBUS.

When the charter of a city distinctly specifies the manner in which the municipal authorities shall contract in its behalf, a petition which in loose and general terms alleges that "the city" employed plaintiff to do a certain thing, and which does not set forth the terms of the alleged contract with him, or contain allegations showing that such contract was in fact made in the manner prescribed by the charter, is demurrable.

Argued October 31, — Decided November 29, 1899.

Complaint.    Before Judge Butt.    Muscogee superior court. May term, 1899.

*James H. Worrill* and *Samuel B. Hatcher*, for plaintiff.
*Francis D. Peabody,* for defendant.

LEWIS, J.    Wiley brought suit against the City of Columbus, presenting by his petition substantially the following facts: In August, 1897, he was employed by the City of Columbus to tend upon and treat cases of smallpox, the patients then being confined in the pest-house of the city.    He faithfully performed his duties in tending upon the smallpox patients, whereby the city became indebted to him in the sum of $275.00.    Attached to the petition is a bill of particulars, being an account in favor of plaintiff against the defendant for "fifty-five visits to small-pox patients at five dollars per visit, $275.00."    To this petition defendant demurred on the general ground that there was no cause of action set forth therein; and on the further special grounds, that the petition does not set out how, and by whom, and in what manner the alleged employment was made on behalf of the city; that the petition fails to show such contract was made as by law provided, and fails to allege what defendant was to pay for the services mentioned; that the bill of particulars sets out a quantum meruit, and the petition does not allege that the items and sums set forth in the bill had been contracted for and agreed to be paid by the defendant; and that it was not alleged in the petition that the contract of "employment" with the City of Columbus was made through its mayor and board of aldermen, in its corporate capacity.    To the judgment of the court sustaining this demurrer plaintiff excepts.

The charter of the City of Columbus declares: "The said corporation, through its mayor and board of aldermen, shall have special powers in its corporate capacity to make all contracts which they may deem necessary for the welfare of the city or its citizens." Acts of 1890–1, vol. 2, p. 490. As a general rule of law, when authority is delegated by the legislature to a municipality to enter into contracts in a certain specified manner, it becomes the duty of any person dealing with such municipality in a contractual relation to see that there has been a compliance with the mandatory provisions of the law limiting and prescribing its powers. It would follow from this principle, that when a suit is instituted by one against a municipality upon a contract, it should be clearly shown in the petition setting forth the cause of action that the contract was valid under the charter powers conferred upon the city. While the suit in this case is properly brought against the City of Columbus, yet the petition alleges no fact which shows through what agency the city acted in making the alleged contract of employment. Under the charter, it could only be made through its mayor and board of aldermen. Besides, the petition does not set forth the terms of the contract; nor does it even set forth facts indicating whether it was an express or implied undertaking on the part of the city, and, if express, what compensation, if any, was agreed upon between the contracting parties. We think the defendant had the right to be put upon notice, by allegations in plaintiff's petition, of the exact nature of this contract relied upon for a recovery, so as to enable the court to judge of its legal effect. No amendment having been offered to meet the special grounds of the demurrer, the court committed no error in sustaining the same, and in dismissing the petition.

*Judgment affirmed.     All the Justices concurring.*