### 6156. EUREKA FIRE HOSE MANUFACTURING CO. *v.* MAYOR AND COUNCIL OF EASTMAN.

BROYLES, J. 1. Under the charter of the city of Eastman (Acts 1907, p. 569) authority to bind the city by signing any contract entered into or authorized by the city council is vested in the mayor.

2. As a general rule of law, when authority is delegated by the legislature to a municipality to enter into contracts in a specified manner, it becomes the duty of any person dealing with the municipality in a contractual relation to see that there has been a compliance with the mandatory provisions of the law limiting and prescribing its powers. It would follow from this principle that when a suit is instituted by one against a municipality on a contract, it should be clearly shown in the petition, setting forth the cause of action, that the contract was valid under the charter powers conferred upon the city. *Wiley* v. *City of Columbus,* 109 *Ga.* 296 (34 S. E. 575).

3. It being apparent from the petition itself that the contract upon which the plaintiff's action was based was not authorized by proper authority of the municipality, the trial judge did not err in sustaining the general demurrer. A different result might have been reached had the plaintiff elected to sue upon a quantum meruit. *Judgment affirmed.*

DECIDED JULY 30, 1915.

Complaint; from city court of Eastman—Judge Neese. October 23, 1914.

The petition as amended alleges that "the Mayor and Council of the City of Eastman is indebted to petitioners [Eureka Fire Hose Manufacturing Company] in the sum of $521 principal, with interest at 6 per cent. per annum from August 1st, 1911, upon a certain contract," a copy of which is attached to the petition. The contract recites that it is between the Eureka Fire Hose Manufacturing Company, party of the first part, and "Corporation of City of Eastman in the County of Dodge and State of Georgia," of the second part. The signature "City of Eastman, by L. E. McVay, Chairman," appears below the signature made in behalf of the first party, at the end of the contract. In the contract the party of the first part agrees to furnish to the party of the second part 500 feet of fire-hose of a designated kind, at $1 per foot, and certain appliances for $21, making a total of $521, which the party of the second part agrees to pay, "terms 4 mos. open acc't, one year thereafter at 6% int." The bill of exceptions states that the defendant made an oral motion to dismiss the petition as amended, "because the same did not show delivery by plaintiff to defendant, and because the same did not show that the party signing the said con-

tract was legally authorized so to do by the said Mayor and Council of the City of Eastman;" the court "passed an order striking the paragraph of the plaintiff's petition containing the allegation of indebtedness," and the plaintiff offered an amendment alleging, that "the consideration moving from plaintiff to defendant in said contract and causing said indebtedness to arise was delivered to defendant as agreed, thereby creating the said debt;" and that "one L. E. McVay, at the time said contract was executed, was the authorized chairman of the finance committee, said finance committee being itself duly authorized to manage such business for the Mayor and Council of the City of Eastman as is the subject-matter of this suit, and said L. E. McVay being duly authorized to act for said committee, thereby binding said Mayor and Council of the City of Eastman just as firmly for the subject-matter of this suit as the law contemplates." An oral motion to dismiss the petition, with the amendment, was sustained, on the ground that no cause of action was set out therein.

Citations by counsel: Civil Code of 1910, § 5797; Acts of 1907, pp. 566, 569; *Wiley* v. *City of Columbus,* 109 *Ga.* 295; *Langley* v. *City Council of Augusta,* 118 *Ga.* 590; 28 Cyc. 1767, 1770; Chicago v. Peck, 196 Ill. 260; *City of Conyers* v. *Kirk,* 78 *Ga.* 480; *City of Dawson* v. *Waterworks Co.,* 106 *Ga.* 696.

*J. F. Broach,* for plaintiff.  *J. H. Milner,* for defendant.