## MAYOR AND COUNCIL OF SUGAR VALLEY *v.* MILLS.

1. The charter of the Town of Sugar Valley, as incorporated by the act of 1887 (Acts 1887, p. 631), when considered in connection with the general law as embodied in the Civil Code, § 1646, authorizes the mayor and council of that town, in their corporate capacity, to employ physicians for the purpose of treating smallpox patients within the incorporate limits.

2. In an action by a physician against the municipality, for services rendered to a smallpox patient within the incorporate limits, allegations that "the mayor of the town . . employed him [plaintiff] to treat these cases of smallpox, and he further avers that the council of said town also employed him to treat said cases," are not sufficient allegations of employment by the municipality in its corporate capacity to withstand a demurrer which challenges the petition on the ground that it does not allege that the plaintiff made the contract with the Mayor and Council of the Town of Sugar Valley in their corporate capacity.

3. As the petition was subject to demurrer, the error in overruling the

demurrer entered into the further trial of the case and rendered it nugatory. ˎ

NOVEMBER 18, 1916.

Complaint. Before Judge Fite. Gordon superior court. February term, 1915.

*Maddox, McCamy & Shumate,* for plaintiff in error.

*J. G. B. Erwin Jr.,* contra.

ATKINSON, J. 1. The Town of Sugar Valley was incorporated by act of 1887 (Acts 1887, p. 631). Section 1 of the act is as follows: "Be it enacted by the General Assembly of Georgia, that the Town of Sugar Valley, in the county of Gordon, be and the same is hereby incorporated as a town, under the name of the Town of Sugar Valley. The corporate powers of said town shall be vested in a mayor and five councilmen, and by the name of the Mayor and Council of the Town of Sugar Valley they may sue and be sued, plead and be impleaded, and exercise all other corporate powers that may be necessary in performing their duties." Section 6 of the act is as follows: "Be it further enacted, that said mayor and councilmen shall have power and authority to pass all laws and ordinances that they may deem necessary for the government of said town and the protection of property from loss by fire or damage therein, provided that they be not repugnant to the constitution and laws of this State and of the United States." There was no other general welfare clause, or clause in regard to the right to make contracts, in the charter. These provisions of the charter of the Town of Sugar Valley are supplemented by the general law, as contained in the Civil Code, § 1646, which is as follows: "The ordinary of each county, or the corporate authorities of any town or city in this State, within the limits of which the smallpox has appeared, or may appear, are authorized and empowered to provide a suitable hospital for those so afflicted, and to furnish them with medical or any other attention that in their judgment those so afflicted may require." When considered together, the foregoing provisions of the law confer authority upon the mayor and councilmen of the Town of Sugar Valley, Georgia, to employ a physician for the purpose of treating smallpox patients within the incorporate limits.

2. The petition alleged that the Mayor and Council of the Town of Sugar Valley was indebted to the plaintiff, G. W. Mills,

for professional services as a physician, rendered to a smallpox patient within the incorporate limits, in an amount as set forth in an itemized statement; also, that the plaintiff informed the mayor of the Town of Sugar Valley of the condition of the patient before his services began, and that, if she was to be treated by him, the Mayor and Council of the Town of Sugar Valley would have to pay for the services, and "he was employed to treat the cases" as shown by the account. An amendment was allowed, alleging that the patient, who was a married woman, and her husband were unable to pay for the medical attention needed; and "that the mayor of the Town of Sugar Valley employed him [plaintiff] to treat these cases of smallpox; and he further avers that the council of said town also employed him to treat said cases and authorized him to treat them." One ground of demurrer to the petition as amended was that it was not "alleged that plaintiff made any contract with the Mayor and Council of the Town of Sugar Valley in its corporate capacity." Construing the petition most strongly against the pleader, it is not to be accepted as alleging that the mayor and council, acting in their corporate capacity, entered into a contract with the plaintiff. The language should be construed as alleging that the mayor at one time informally employed the plaintiff, and that at another time the council informally employed him, to treat the smallpox patient. In *Wiley* v. *Columbus,* 109 *Ga.* 295 (34 S. E. 575), it was held: "When the charter of a city distinctly specifies the manner in which the municipal authorities shall contract in its behalf, a petition which in loose and general terms alleges that 'the city' employed plaintiff to do a certain thing, and which does not set forth the terms of the alleged contract with him, or contain allegations showing that such contract was in fact made in the manner prescribed by the charter, is demurrable." In the course of the opinion it was said by Lewis, J.: "As a general rule of law, when authority is delegated by the legislature to a municipality to enter into contracts in a certain specified manner, it becomes the duty of any person dealing with such municipality in a contractual relation to see that there has been a compliance with the mandatory provisions of the law limiting and prescribing its powers. It would follow from this principle, that when a suit is instituted by one against a municipality upon a contract, it should be clearly shown in the petition

setting forth the cause of action that the contract was valid under the charter powers conferred upon the city. While the suit in this case is properly brought against the City of Columbus, yet the petition alleges no fact which shows through what agency the city acted in making the alleged contract of employment. Under the charter, it could only be made through its mayor and board of aldermen." See also *Eureka Fire Hose Mfg. Co.* v. *Eastman,* 16 *Ga. App.* 630 (85 S. E. 929). In 3 McQuillin on Municipal Corporations, 2600, § 1177, it is said: "It is well settled that the members of a common council, board, or committee can not separately and individually enter into a contract which will bind the municipality, but they must act as a body at a regular or special meeting of which such notice shall have been given as required by law." In *Town of Pelham* v. *Pelham Telephone Co.,* 131 *Ga.* 325 (62 S. E. 186), it was said: "Express municipal assent to the occupation of a city's streets by a telephone company can only be shown by formal municipal action, and not by mere general declarations of witnesses that such municipal assent was given. Parol statements of witnesses that certain improvements were made or work was done "with the full knowledge and consent of the municipal authorities of said town, including the mayor and council of said town;" and that a telephone company had established and maintained in the town a telephone system, with poles, wires, and other fixtures in, on, and over the streets, 'all by the consent of the municipal authorities of said town;' and that a witness, who has been a member of the town council and of a committee thereof, has designated and pointed out in the streets of said town where to locate the poles and wires, 'receiving his authority to do so from the town council of said town in regular meetings;' and other like statements, were not admissible in evidence."

The charter of the Town of Sugar Valley, supplemented by the general law (Civil Code, § 1646), provides that the municipality may enter into contracts for medical services to smallpox patients, through the instrumentality of the mayor and councilmen of the town. This contemplates formal action by the mayor and councilmen when duly assembled. An agreement entered into privately with the mayor and at another time with the councilmen will not

suffice. It was erroneous to overrule the ground of demurrer quoted above.

3. The ruling announced in the 3d headnote does not require elaboration. *Judgment reversed. All the Justices concur.*