## 12591.  PYRENE MANUFACTURING COMPANY *v.* CITY OF ATLANTA.

1. Where during a conflagration that endangered a city (and in fact destroyed a large part of it) the fire department was inadequate and the water-pressure low, and in this emergency certain citizens received from the plaintiff valuable fire-extinguishers that never were returned, but were used for the benefit of the city and its citizens to aid in extinguishing the fire, no implied contract arose whereby a legal obligation to pay for the extinguishers could be fixed upon the city.
2. An alleged written order for extinguishers, signed by the chief of the fire department, could not create a legal obligation upon the city; it not appearing that the chief had authority to buy extinguishers for the city.

DECIDED NOVEMBER 16, 1921.

Complaint; from Fulton superior court — Judge Pendleton. May 26, 1921.

*G. S. Peck, Spence & Spence,* for plaintiff.

*J. L. Mayson, J. M. Wood,* for defendant.

LUKE, J. Pyrene Manufacturing Company sued the City of Atlanta on two counts. The first count alleged: that on a cer-

tain day there was raging in the City of Atlanta a conflagration which endangered the city and ·in fact did destroy the property upon fifty or more blocks, and that during the fire the fire department was inadequate, that the water pressure of the city was low, and that there was danger that the entire city might be destroyed; that in this great emergency citizens of the city came to the Pyrene Manufacturing Company and received fire-extinguishers of a certain value, which were never returned; that because of the emergency there was no time to enter into a formal contract with the governing officers and agents of the city; that the fire-extinguishers were in fact used for the benefit of the city and its citizens, and were of value; that it was the duty of the City of Atlanta to protect the property of its citizens, and that under this emergency an implied contract arose between the Pyrene Manufacturing Company and the City of Atlanta for payment for the fire extinguishers. · The second count alleges in substance the same thing, except it is alleged that when the citizens came to the plaintiff for the fire-extinguishers, the plaintiff refused to deliver them except upon the written authority of one of the officers or agents of the city; that the citizens and an agent of the plaintiff went to the fire and to the chief of the fire department, and the citizens stated to the chief that they wanted the fire-extinguishers for use in stopping the many small fires breaking out ahead of the conflagration, and that the chief authorized a certain person to receive the pyrene on behalf of the city, and wrote upon a card the following words: "5/21 17, Pyrene Order, W. B. Cody, Chief." It is alleged that the said order was authorized by Cody as chief of the fire department, and was delivered as a written contract for the purchase of the fire-extinguishers. It is upon this contract that the cause of action is laid in the second count. It was also alleged that the claim was duly presented to the city as required by law, and its payment was refused. The city filed a demurrer upon the ground that it appears from the allegations of the first count that the plaintiff undertakes to recover from the city upon the allegation that it furnished certain articles of value to citizens of Atlanta which were used in the extinguishment of a fire in the City of Atlanta, and therefore that an implied obligation to pay for them arose on the part of the city, as a matter of law.

when in law no such implied obligation arose upon the part of the city; and for this reason no cause of action was set out. The demurrer attacks the second count, upon the ground that it sets forth no cause of action and does not allege facts sufficient to constitute a contract with the City of Atlanta, in that it does not appear that the chief of the fire department had authority to buy fire-extinguishers for the City of Atlanta. The plaintiff offered an amendment to its petition, setting forth an ordinance of the City of Atlanta which prescribed the duties of the chief of the fire department. Upon objection by the defendant this amendment was disallowed, and the demurrer was sustained and the case dismissed. The plaintiff excepted to the judgment disallowing the amendment and to the judgment sustaining the demurrer to the petition.

The court did not err in disallowing the amendment to the petition, as the ordinance of the city referred to therein did not give authority to the chief of the fire department to purchase any property for the city. The court properly sustained the demurrer, as no cause of action was set out in either count of the petition. A request for fire-extinguishers by citizens of Atlanta, to aid in saving their property during the conflagration, raised no implied promise or obligation upon the part of the city to pay for the fire-extinguishers used by its citizens. The situation is not changed by the allegation that there existed a great emergency. In *Wright* v. *Augusta,* 78 *Ga.* 241, and in *Thompson* v. *Calhoun,* 20 *Ga. App.* 297 (93 S. E. 72), and cases there cited, it was held that a municipal corporation is not liable for damages resulting from the negligence or inefficiency of its fire department or the insufficiency of the supply of water. The alleged contract in the instant case was not binding upon the city, as it does not appear that the chief of the fire department was authorized to make it. See, in this connection, *Wiley* v. *City of Columbus,* 109 *Ga.* 295 (34 S. E. 575); *Eureka Fire Hose Co.* v. *Eastman,* 16 *Ga. App.* 630 (85 S. E. 929); *Town of Pelham* v. *Pelham Telephone Co.,* 131 *Ga.* 325 (62 S. E. 186).

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*