12961. CITY OF NASHVILLE *v.* HENDRICKS *et al.*

BLOODWORTH, J. 1. The motion to dismiss the writ of error is without merit, and is overruled.

2. The petition was too vague and indefinite to set out a cause of action against the defendants, and was properly dismissed in the demurrer interposed. *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED JUNE 14, 1922. REHEARING DENIED JULY 11, 1922.

Foreclosure of · lien; from Berrien superior court — Judge Dickerson. September 20, 1921.

The motion to dismiss the writ of error was upon the following grounds: " 1. There is no sufficient assignment of error in the bill of exceptions; an assignment of error to the sustaining of demurrers must be specific, so that the court may, upon reading the assignment, at once grasp the error complained of. 2. The assignment of error in the bill of exceptions is duplicitous and self-contradictory, in that it is contended the plaintiff in error has the right to either sue or foreclose its lien. If it could do either, it could not do both in the same petition. Under the allegations in the bill it could do neither. The petition sets forth no cause of action; there is nothing before the court to consider." The plaintiff's petition was against two defendants, who demurred separately, and the court rendered separate judgments sustaining each de-

murrer and dismissing the petition. The bill of exceptions states that to these judgments the plaintiff excepts " for the reason that the same is contrary to law," and " the plaintiff assigns error on the above two judgments and rulings, and contends that the judgment of the court sustaining the demurrers and dismissing the petition or lien foreclosure was contrary to law. Because the plaintiff . . had a legal right to either sue the defendants or foreclose its lien upon the property which it improved in terms of law, in order to make the premises comply with the sanitary laws of the State and city, after the owners of the house and lot had failed to do so."

The plaintiff's petition was as follows:

" The City of Nashville, a municipal corporation, by and through its mayor and council, shows to the court the following state of facts: .

" 1.  That the City of Nashville, Berrien county, Georgia, hereinafter termed the plaintiff, and R. A. Hendricks and O. P. Bennett, both of said county, are hereinafter termed the defendant.

" 2.  That on or about August 1st, 1919, plaintiff, in consideration of the sum of one hundred and ninety-five ($195.00) dollars to be paid it by the defendant upon the completion of the contract or work finished [furnished ?], contracted with the defendant for repairing, improving, and materials furnished upon certain real estate belonging to the defendants, said contract being as follows: Defendant was requested to connect said building hereinafter with the sewer system of the city, in terms of law, which the defendant failed and refused to do, and said work was done in terms of law, which the defendant failed and refused to do, and said work was done in terms of law with the tacit consent of the defendant, and the defendant failed and refused to pay said bill in the sum aforesaid.

" 3.  Said work was completed by the plaintiff and said contract was substantially complied with, on or about August 31, 1919; whereupon said above sum became due. Said building and real estate may be described as follows:" describing a city lot in Nashville, Ga., and a building thereon. " The plaintiff claims a lien on said real estate for the sum of $195.00, and shows that within three months of the completion of its said contract it recorded its lien in terms of law upon the property, in the office of

the clerk of the superior court of said county, said lien being the usual form of such furnisher's and material and mechanic's lien, properly setting out the property and claiming a lien by reason of work done and material furnished, and recorded in lien book No. 11, page 102, said county.

"4. And now within twelve months of the date of said claim from the date same became due, the plaintiff brings this action for the amount thereof. .

"Wherefore petitioner prays a general judgment against each of said defendants for the amount of his debt aforesaid. Petitioner further prays a special judgment against said real estate, setting [up ?] said lien for the amount of said debt. Petitioner prays further that process issue," etc.

The defendants demurred to the petition generally and as follows: (1) To paragraph 1 because the plaintiff fails to allege therein 'or elsewhere facts which would show a joint liability on the part of the defendants. It is not stated whether the alleged contract was oral or in writing; if it is oral the substance should be set forth; if in writing a copy should be incorporated in or attached to the petition. The nature of the repairs or improvements which the plaintiff contracted with the defendant to put upon the premises, or the kind of material, or the amount of material which the plaintiff was to furnish, is not stated. It is not alleged whether each defendant, or which defendant, was requested orally or in writing to connect with the sewer system of the city; if the request was oral its substance should be stated, and if in writing the writing should be set forth. It is not alleged that it was the duty of the defendants or of either of them to connect the building with the sewer system, or how the building was to be connected. The kind of work or the amount of work done by the plaintiff is not stated, and the statement that the work "was done in terms of law with the tacit consent of the defendant" is the opinion of the pleader, without a statement of facts which would enable the defendant to defend against the charge made. It is not alleged whether both defendants gave tacit consent, or which one. (2) Paragraph 3 is demurred to because of failure to state the kind of work done, and its amount and value, the kind of material furnished, and its amount and value. (3) Paragraph 3 is demurred to because of failure to allege a state of facts which would

show that the plaintiff is a person authorized to do the things alleged, under its charter, and that the charter or the general law gives it the right to have a lien on the property of the defendants or either of them for the alleged material furnished or work done. (4) It was first incumbent upon the city to make a written demand, for the making of the repairs at the cost and expense of the owner of the land, and, upon his failure and refusal to make the repairs or cause them to be made, then to issue its execution against the premises and the owner. (5) The petition is duplicitous, in that it is not a suit against the defendants or either of them, on an account, contract, or promise to pay; nor is it the foreclosure of a lien. It is not a cause of action that can be enforced against the defendants jointly or severally, or against the property described in the petition.

*Story & Story, Elsie Higgs Griner,* for plaintiff, cited: Charter of Nashville, Ga. L. 1910, p. 956, secs. 14, 20; 127 *Ga.* 221 (2); 5 *Ga. App.* 51 *Ga.* 560 (2); Park's Code, § 3365 (1-5); Gober's Georgia Form Book, 376.

*R. A. Hendricks, Ira S. Clay,* for defendant, cited: Ga. L. 1900, p. 374; Ga. L. 1906, p. 910; Ga. L. 1910, 956, 984, sec. 36, 978, sec. 28, 996, sec. 50; 101 *Ga.* 588; 135 *Ga.* 400, 404 (2); 110 *Ga.* 795-842; 113 *Ga.* 4; 114 *Ga.* 275, 279 (3); 28 Cyc. 1737, 1742, 1744; 142 *Ga.* 71, 80 (12); 146 *Ga.* 210.