### 20556. CITY OF ALMA *v.* INDIANA AIR-PUMP COMPANY.

STEPHENS, J. 1. Since a municipality may, through its governing authority, legally incur an obligation payable within the current year, provided a provision for payment is made by a tax levy for the year, and since public officers presumably perform their duties, a contract made by the governing authority of a city for the purchase of an air-pump outfit for the city to be paid for within the current year is, without more, presumably a legally authorized obligation of the city. The following cases are distinguishable: *Mayor &c. of Dawson* v. *Dawson Waterworks Co.,* 102 *Ga.* 594 (29 S. E. 755); *Wiley* v. *Columbus,* 109 *Ga.* 295 (34 S. E. 575); *Eureka Fire Hose Co.* v. *Eastman,* 16 *Ga. App.* 630 (85 S. E. 929); *Citizens Bank* v. *Ludowici,* 24 *Ga. App.* 201 (100 S. E. 229).

2. In a suit against the city upon promissory notes executed by the mayor and clerk of the council and maturing within the current year, where the only defense interposed is that the obligation was not a legally authorized obligation of the city, the burden is upon the defendant to establish this defense; and where it appears from undisputed evidence that the notes were executed by authority of the governing authority of the city, and were given for the purchase-price due under a con-

tract such as is indicated, and that the outfit contracted for had been received by the city and appropriated to its use and was giving satisfaction, and there was no evidence tending to establish the defendant's plea, it was not error to direct a verdict for the plaintiff in the full amount sued for.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1931.

*T. J. Townsend,* for plaintiff in error.  *C. A. Williams,* contra.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*