37731. THE INGALLS IRON WORKS COMPANY, etc.
*v.* CITY OF FOREST PARK *et al.*

DECIDED JUNE 16, 1959.

*Harry P. Hall, Jr., John L. Westmoreland, John L. Westmoreland, Jr.*, for plaintiff in error.

*Reeves & Collier, Rex T. Reeves, Scott Hogg*, contra.

NICHOLS, Judge. ■ As to the liability of the City of Forest Park the petition alleged substantially the following: That the personalty was ordered by the defendant City of Forest Park by its authorized agent and city manager, G. F. Hill, that the order was accepted in writing by notification sent to the defendant's city manager, that delivery was made to the defendant city and was accepted by its agent L. L. Burdett, and that demand for payment has been made upon such defendant but that it refuses to pay the same.

The act of 1952 (Ga. L. 1952, pp. 2479, 2480), amending the charter of the City of Forest Park, provides in part: "Be it further enacted, that the municipal government of said city shall consist of a mayor and five councilmen, who are hereby constituted a body corporate under the name and style of the City of Forest Park, and by that name shall be capable of suing and being sued . . . make contracts, purchase and

hold and dispose of real estate, and personalty." Thereafter, the General Assembly in 1956 again amended the charter of the City of Forest Park (Ga. L. 1956, pp. 2040, 2043), so as to authorize the employment of a city manager for such municipality, and as to his duties authorized the following: "The mayor and council shall prescribe such other duties to be performed by the city manager as might be consistent with law, but no duty shall be so assigned which devolves by law upon officers of said city elected by the people."

Under the above charter provisions of the City of Forest Park all contracts must be made for it by the mayor and council and no such authority could be delegated to the city manager since this would be a duty which devolves by law upon the officers of said city elected by the people.

In the case of *Wiley* v. *City of Columbus*, 109 *Ga.* 295, 296 (34 S. E. 575), the Supreme Court in a full-bench decision held: "As a general rule of law, when authority is delegated by the legislature to a municipality to enter into contracts in a certain specified manner, it becomes the duty of any person dealing with such municipality in a contractual relation to see that there has been a compliance with the mandatory provisions of the law limiting and prescribing its powers. It would follow from this principle, that when a suit is instituted by one against a municipality upon a contract, it should be clearly shown in the petition setting forth the cause of action that the contract was valid under the charter powers conferred upon the city." In the case sub judice the petition and the exhibits attached thereto clearly show that the contracts sued upon were purportedly made on behalf of the City of Forest Park by its "City Manager" who, as shown above, had no authority to enter into any contract on behalf of the city, and while generally an allegation of agency is sufficient to withstand both general and special demurrer (see *Conney* v. *Atlantic Greyhound Corp.*, 81 *Ga. App.* 324, 58 S. E. 2d 559), such is not true in cases involving the powers and duties of public officials (see Code § 89-903), where the *agent* is without authority of law to act. The present action against the City of Forest Park sought to recover upon an alleged express contract, which contract, as entered into by the

708

city manager, was expressly prohibited by law. The judgment of the trial court sustaining the general demurrer was not error; however, as was said in the case of *Eureka Fire Hose Mfg. Co. v. Mayor of Eastman*, 16 *Ga. App.* 630 (3) (85 S. E. 929), "A different result might have been reached had the plaintiff elected to sue upon a quantum meruit."

■ The plaintiff having conceded in its brief filed in this court that no cause of action was set forth in its petition against the joint defendant, Rex Morris, Jr., and in view of the ruling in the first division of the opinion no further question is presented for decision.

*Judgments affirmed. Felton, C. J., and Quillian, J., concur.*