41646. CITY OF JONESBORO v. SHAW-LIGHTCAP, INC.

Argued November 4, 1965—Decided January 11, 1966.

*Hutcheson & Kilpatrick, Lee Hutcheson,* for appellant.

*Wallace & Wallace, Albert B. Wallace, Charles J. Driebe,* for appellee.

Bell, Presiding Judge. ■ The charter of the City of Jonesboro provides: "The said City of Jonesboro created by this Act may . . . make and enact through its mayor and council, such ordinances, rules and regulations, and resolutions for the transaction of the business and the welfare and proper government of said city as to the said city council may seem best . . . They shall have special power in its corporate capacity to make all contracts which they may deem necessary for the welfare of the city or its citizens. . . They shall have full control and power over streets, lanes and alleys of the city . . ." Ga. L. 1919, pp. 1067, 1068.

"As a general rule of law, when authority is delegated by the legislature to enter into contracts in a certain specified manner, it becomes the duty of any person dealing with such municipality in a contractual relation to see that there has been a compliance with the mandatory provisions of the law limiting and prescribing its powers. It would follow from this principle, that when a suit is instituted by one against a municipality upon a contract, it should be clearly shown in the petition setting forth the cause of action that the contract was valid under the charter powers conferred upon the city." *Wiley v. City of Columbus*, 109 Ga. 295, 296 (34 SE 575); *Mayor &c. of Sugar Valley v. Mills*, 146 Ga. 210, 212 (91 SE 17); *Eureka Fire Hose Mfg. Co. v. Mayor &c. of Eastman*, 16 Ga. App. 630 (2) (85 SE 929).

Construing the petition most strongly against the pleader as we are required to do the inference is demanded that in dealing with plaintiff the Mayor of Jonesboro acted as the city's agent individually and separately from the council without concurrence by that body either formal or informal. However, the charter of the City of Jonesboro vests authority for governmental action of the kind in question in the mayor *and* council as a body. Cf. *Mayor &c. of Sugar Valley v. Mills*, 146 Ga. 210, supra. The mayor acting alone was without authority to bind the city. "While generally an allegation of agency is sufficient to withstand both general and special demurrer (see *Conney v. Atlantic Greyhound Corp.*, 81 Ga. App. 324, 58 SE2d 559), such is not true in cases involving the powers and duties of public officials (see *Code* § 89-903), where the agent is without authority to act." *Ingalls Iron Works Co. v. City of Forest Park*, 99 Ga. App. 706, 707 (109 SE2d 835).

Since the petition here fails to show that the express contract sued upon was entered into on behalf of the city by the mayor and council as a body and as required by the city charter, it stated no cause of action, and the trial court erred in overruling defendant's oral motion to dismiss.

*City of Eastman v. Georgia Power Co.*, 69 Ga. App. 182 (25 SE2d 47), and *City of Gainesville v. Edwards*, 112 Ga. App. 672 (145 SE2d 715), have no bearing on this case because plain-

tiff here elected to sue upon an express agreement and not upon the theory of implied contract.

*Judgment reversed. Frankum and Hall, JJ., concur.*