29862, 29863.   CITY OF EASTMAN v. GEORGIA POWER COMPANY; and *vice versa.*

DECIDED FEBRUARY 8, 1943.   REHEARING DENIED MARCH 26, 1943.

*Will Ed Smith,* for plaintiff in error.   *Miller & Lowrey,* contra.

GARDNER, J.   1.   We have set out the pleadings somewhat fully, for the reason that we feel they settle the contentions without requiring extended comment.   The gist of the argument in behalf

of the city is that the debt declared on is in violation of art. 7, sec. 7, par. 1, of the constitution (Code, § 2-5501). It is well settled that a municipality, under the authority of its charter provisions similar to those here involved, has authority to contract for street lighting yearly. It is equally as well established that for such purpose the city is not authorized to contract beyond the current year. If a contract for street lighting is attempted in such way as to bind the municipality for a year or a number of years beyond the current year, the city is not bound beyond the year or years in which it used the current contracted for; but it is bound to pay for the electricity for each year in which the current was used to light the streets. Under such a contract the city may decline to use the service beyond the current year; but if it does not so decline, and uses the service beyond the current year, it can not refuse to pay therefor simply because provisions of the contract attempted to bind it beyond the current year. The contract in the instant case provides for payment per month on a yearly basis. Thus the breach of the contract by failing to pay yearly created the debt, and not the making of the contract. In *Ford* v. *Cartersville, 84 Ga.* 213 (10 S. E. 732), it was ruled as follows: "Under its charter, the mayor and aldermen of Cartersville have a right to make an annual contract to supply the city with water and gas, provided they make provision for the payment of the same. If a contract for a longer space of time is illegal, yet where the water and gas companies have complied with their part of the same, by erecting their plants at great expense in order to furnish the city with gas and water, and the city has received the benefits thereof for a year, it should pay for the gas and water consumed and used during that time." In *McMaster* v. *Waynesboro, 122 Ga.* 231 (50 S. E. 122), it was stated: "If a city should make a ten-year lighting contract without a popular vote authorizing the same, there would be no creation of a debt. Such an agreement would only be operative so long as neither party renounced or repudiated it." The above principle is based on the ruling in *City Council of Dawson* v. *Dawson Waterworks Co., 106 Ga.* 696 (32 S. E. 907). See *City of Conyers* v. *Kirk, 78 Ga.* 480 (3 S. E. 442); *Lott* v. *Waycross, 84 Ga.* 681 (11 S. E. 558); *Cartersville Improvement &c. Co.* v. *Cartersville, 89 Ga.* 683 (16 S. E. 25); *Mayor &c. of Hogansville* v. *Planters Bank, 147 Ga.* 346 (94 S. E. 310); *City of Abbeville* v. *Eureka*

*Fire Hose Mfg. Co.,* 177 *Ga.* 204 (170 S. E. 23). We might cite many other authorities to sustain this principle.

The city contends that since the warrant declared on for the yearly service for electricity used evidences an aggregate amount covering several years, it is in effect a contract of accord and satisfaction, and therefore the creation of a debt prohibited by the constitution. We do not think this position is tenable. Under the facts of this case the warrant is but a recognition of a debt already due by the failure of the city to pay yearly for the service of electricity used. It can not, as we see it, under the facts of this case be considered as the creation of a debt prohibited by our constitution. Counsel for the city cite the Code, §§ 20-1201, 20-1203, in support of this proposition. It may be true that the execution of the warrant was a new promise to pay, and there might have been some elements of accord and satisfaction involved in the issuing of the warrant; but the consideration was the same subject-matter— the furnishing of the service. It was merely a new promise to pay the same old debt, and not the creation of a debt prohibited by the constitutional provision referred to. The court did not err in overruling the demurrer to count 1.

2. Count 3 alleges an agreement between plaintiff and defendant, wherein plaintiff was to sell to defendant certain water-pumping equipment for $9041.50, to be paid for over a period of years, the plaintiff retaining title to the property, the defendant executing and delivering its notes therefor. It is recognized by both parties that such agreement is an attempt to create a debt, in violation of the provision of the constitution, supra. The plaintiff contends, although the contract for the purchase of the equipment was void under the constitutional provision, that nevertheless the city is legally bound to pay the reasonable value for the use of the equipment for the years during which it received the use of the same. This contention is based on the principle that there is an implied contract on the part of the city to pay the reasonable value of the service of the water-pumping equipment, since the city was authorized, under its charter powers, to contract with the plaintiff to furnish its reasonable needs of water, for the use of the city, at reasonable prices. Therefore, since the city received the service for which it had authority to contract, it is bound under an implied contract to pay therefor, even though there is no valid express con-

tract. On the other hand it is contended that since the contract for the sale of the equipment is void, and there is no contract as to the value of its reasonable use, the plaintiff is not entitled to recover for the use of the equipment, under an implied contract. The learned trial judge adopted the view of the city, and on demurrer dismissed this count.

We have been unable to find any case of our appellate courts dealing directly with this question. In *City of Jeffersonville* v. *Cotton States Belting & Supply Co.*, 30 *Ga. App.* 470 (7) (118 S. E. 442), the court held: "Where one delivers the physical possession of property to a municipality in pursuance of an executory conditional contract of sale, his right of action to recover the property or to enforce the payment of the contract price by the city is necessarily dependent upon the agreement by which the title was reserved in him; and if the agreement, under the existing facts, is contrary to the provisions of the constitution as stated in paragraph 4 above, the consideration is illegal, and the contract will not be enforced. If such fact appears, the court will leave the parties exactly where it found them. *McCrary* v. *City of Glennville*, 149 *Ga.* 431 (3) (100 S. E. 362), and cases there cited." In *Board of Lights & Waterworks* v. *Niller*, 155 *Ga.* 296 (6) (116 S. E. 835), the court said: "When property is received by a municipality or its commission under a contract which is void and unenforceable under the constitution, the law does not raise an implied undertaking to pay therefor." Compare *Citizens Bank* v. *Ludowici*, 24 *Ga. App.* 201 (100 S. E. 229); *Town of Wadley* v. *Lancaster*, 124 *Ga.* 354 (52 S. E. 335). It will be noted that in each of the above cases the petition sought to enforce an illegal contract, by petition to collect the purchase-price of the subject-matter. Of course the cause of action alleged failed. Such is not the question presented here. The petition in the instant case admits that the contract of sale, so far as the subject-matter is concerned (the water-pumping equipment), is unenforceable; but it is contended in this count that the reasonable value of the use of the water-pumping equipment, for the time the city used it, is enforceable. Let us inquire as to this. We have many cases touching on the question. See *Butts County* v. *Jackson Banking Co.*, 129 *Ga.* 801 (60 S. E. 149); *Board of Education of Candler County* v. *Southern Michigan National Bank*, 184 *Ga.* 641 (192 S. E. 382), in addition to cases cited

in the first division of this opinion. We find the question closely approached in *Wallace & Tiernan Co.* v. *Williams,* 192 *Ga.* 149 (14 S. E. 2d, 747). In that case the first count was based on a contract, where the city was sued for an alleged indebtedness due on a series of promissory notes executed for the purchase-price of a "chlorinator complete, with other goods, wares, and merchandise." The due date of some of the notes extended beyond the current year when the purchase was made. The second count sought to recover for the use of the articles purchased. As to the first count the court held that the contract was unenforceable, because it created a debt beyond the current year. As to the second count the court said: "The second count was based upon the theory that the city was liable to the plaintiff for the value of goods furnished by it to the city and used by the latter for a beneficial purpose. The notes referred to above were introduced in evidence for purpose of proving such value. *Held,* that the notes were no evidence of value of benefit received by the city; and no other evidence of such value having been introduced, the court did not err in granting a nonsuit." It will thus be seen that the court strongly indicated that if the evidence had shown the value of the benefit received by the city, it would have been responsible therefor; but since the notes were not evidence of such value, and there was no evidence of such value introduced, the court correctly granted a nonsuit.

*Mayor &c. of Hogansville* v. *Planters Bank,* 27 *Ga. App.* 384 (108 S. E. 480), was a case where the city was sued for beneficial services of electric lights alleged to have been furnished by a corporation in which members of the mayor and council were stockholders and had a pecuniary interest. The charter of the city provided that any contract made with such a corporation, or any concern in which a member of the council was pecuniarily interested, was void. The lower court ruled, since the city had received the benefits of the lights so furnished, that it should pay the reasonable value of the benefits thus received. The Court of Appeals reversed the judgment, on the ground that since the city was prohibited by its charter from making a contract with the corporation to furnish street lighting, because of the pecuniary interest of certain city officials, no implied contract to pay for the use of the beneficial service received could arise. In passing on this question the court said: "The municipality, however, would be liable to the plaintiff for the

reasonable value of the services rendered and applied by the municipality to its benefit in the exercise of a lawful corporate function, when accepted by it during the period when a contract with the municipality by the corporation furnishing the services could be legally entered into and not be invalid upon the ground that an officer in the municipality was pecuniarily interested therein, provided however, that such liability does not constitute such a debt against the municipality as is prohibited by the constitution." It will be noted that the court held that the city would have been liable if the contract "could be legally entered into." We do not think, under the facts of the instant case, that it could for a moment be successfully contended that the City of Eastman could not have entered into a valid contract with the Georgia Power Company, yearly, to furnish the water service which it received. Since the city could have legally contracted for the service it received, it would seem that an implied contract would arise to pay a reasonable value for such beneficial service. We find no decision in Georgia to prohibit it; and the many cases hereinabove cited and others, under the "common-honesty rule," intimate the liability of the city. The plaintiff seeks, however, to recover for the service from the date of the void contract. The only amount that can be recovered under this count is a reasonable amount for the years not barred by the statute of limitations. Code, § 3-706. It follows that the court erred in sustaining the demurrer to count 3.

*Judgment affirmed on the main bill of exceptions, and reversed on the cross-bill. MacIntyre, J., concurs. Broyles, C. J., disqualified.*