## 39975. WALBURN v. TAUNTON.

HALL, Judge. The plaintiff (defendant in error) sued the defendant (plaintiff in error) for $756.16 "by reason of an account owed by defendant to plaintiff for building materials and labor furnished for the building of defendant's home." The defendant denied any indebtedness and alleged facts to show that his indebtedness to the plaintiff for furnishing labor and materials for the construction of his house had been fully settled. The jury returned a verdict for the plaintiff in the full amount sued for. The defendant made a motion for new trial on the general and three special grounds and a motion for judgment notwithstanding the verdict in accordance with his motion for directed verdict made at the close of all the evidence. The defendant assigns error on the judgments of the trial court overruling these motions. *Held:*

1. A witness for the plaintiff testified that he went over with the defendant an itemized account of the building material and labor furnished, on which a credit of $6,500 had been given, showing a balance of $756.16, and that the defendant promised to pay the remainder of the account. Though there was conflicting evidence, this was some evidence of the terms of an agreement between the plaintiff and the defendant to support the account sued on, and met the requirement of proof laid down in *Barrington v. Davis Jenkins & Sons,* 44 Ga. App. 682 (4) (162 SE 642); *McCoy v. Meador,* 140 Ga. 253 (78 SE 848); and *Sapp Bros. v. Mathis,* 12 Ga. App. 273 (77 SE 102).

2. The trial court erred in admitting in evidence a document (attached to the plaintiff's petition as an exhibit), which the plaintiff's witness identified as a recapitulation of the account, testifying that he had compared it with his records and the items were identical with the records made under his supervision from the original tickets, which were purchase orders. " 'Preliminary proof is necessary before the writing or record is admissible under this exception [*Code Ann.* § 38-711]. The evidence should include identification of the writing or record by a witness who is familiar with the method of keeping the records and who can testify thereto and to facts which show that the entry was made in the regular course of business and that it was the regular course of the business to make such memorandum or record at the

412

time of the event or within a reasonable time thereafter.' " *Martin v. Baldwin,* 215 Ga. 293, 302 (110 SE2d 344). The record shows that this document was not an original record (see Greene, Georgia Law of Evidence, 620, § 313; Huff, The New Georgia Business Entries Act, 4 Mercer Law Rev. 313, 322), nor was it supported by the preliminary proof necessary to comply with *Code Ann.* § 38-711. *Martin v. Baldwin,* supra.

3. The trial court did not err in failing to charge without request the provisions of *Code Ann.* § 38-711, the Uniform Business Records as Evidence Act. The trial judge is not required without request to specially charge with reference to particular items of evidence. *Wrightsville &c. R. Co. v. Lattimore,* 118 Ga. 581 (45 SE 453).

4. The trial court erred in refusing to charge a written request of the defendant, which contained substantially the provisions of *Code Ann.* § 38-711 and went on to say that the weight to be given business records is for the determination of the jury and to mention several factors the jury may consider in determining their weight. The request contained nothing that was incorrect, and it was not substantially covered elsewhere in the charge. The trial judge's refusal to charge a pertinent and correct request is reversible error. *Summer v. Boyd,* 208 Ga. 207, 209 (66 SE2d 51).

The trial court did not err in overruling the general grounds and special ground 2 of the motion for new trial, and the motion for judgment notwithstanding the verdict, but erred in overruling special grounds 1 and 3 of the motion for new trial.

*Judgment reversed. Carlisle, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 26, 1963.

*T. E. Duncan,* for plaintiff in error.
*E. W. Fleming,* contra.

