## 41635. CITY OF GAINESVILLE v. EDWARDS.

SUBMITTED NOVEMBER 1, 1965—DECIDED NOVEMBER 18, 1965.

*Kenyon & Gunter, William B. Gunter,* for appellant.

*E. C. Brannon, Jr., Robinson, Thompson, Buice & Harben, B. Carl Buice,* for appellee.

DEEN, Judge. 1. If Knickerbocker hired the plaintiff to grade a part of the municipal golf course either in an individual capacity or as agent for other private or civic associations interested in the project this would place no liability on the city,

but the evidence on this point is contradicted and the verdict shows that the jury necessarily found, as the plaintiff testified, that Knickerbocker was acting "as mayor" in contracting with him. The contract was invalid, as the plaintiff recognizes by bringing an action on quantum meruit, and the only question of law left in the case is whether the city could and did ratify the acts and receive a benefit from them so as to be liable for their reasonable value. Obviously, the benefit was received. There is no contention but that the plaintiff's work which involved leveling a hill was necessary to the creation of the municipal golf course. There is no doubt that Knickerbocker and Thurmond, as a majority of the city commissioners, could have entered into a legal contract with the plaintiff for this work in such manner as to bind the city, and there is no dispute that both of them were thoroughly conversant with the work being done over a period of more than six weeks, and that the city received and retained the benefits derived from it. Where, because of a constitutional or statutory inhibition or because the power to enter into a certain type of contract is not included in that granted to a governmental body, an attempt by such body to make the contract is not only ineffective at the time but it cannot subsequently be ratified by retention and use of the benefits so procured. Persons dealing with governmental bodies are presumed to know the extent of the latters' authority, and "an implied contract will not arise where an express contract is unauthorized by law." *Decatur County v. Roberts,* 159 Ga. 528 (2a) (126 SE 460). Where the contract could have been, but was not, properly authorized, but the representative officials in whom the right to so contract is vested have knowledge of work which is being done on the authorization of one of themselves, allow it to continue, and thereafter accept the benefits thereof on behalf of the city, an implied ratification results which will render the governmental unit liable for the reasonable value of the goods or services so received and used by it. *City of Eastman v. Georgia Power Co.,* 69 Ga. App. 182 (25 SE2d 47), and see *Eureka Fire Hose Mfg. Co. v. Mayor of Eastman,* 16 Ga. App. 630 (3) (85 SE 929); *Mayor &c. of Hogansville v. Planters Bank,* 27 Ga. App. 384 (108 SE 480);

*Ingalls Iron Works Co. v. City of Forest Park*, 99 Ga. App. 706, 708 (109 SE2d 835). In *Butts County v. Jackson Banking Co.*, 129 Ga. 801, 807 (60 SE 149, 15 LRA (NS) 567, 121 ASR 244) it was held: "The obligation to account for money received by the county, and actually devoted to lawful purposes, rests upon the broad principle of common honesty, which will not permit the county to retain the benefit of money lawfully applied to its use, and at its request, simply because the county lacked the power to borrow the money." That the city in this case received a benefit in the way of services rather than money should not alter the application of the rule. The evidence, although in sharp conflict, supported the verdict rendered. It authorized the conclusion that Knickerbocker contracted with the plaintiff in his capacity as mayor, that he and Thurmond, a majority of the commissioners who might legally have authorized the contract, had knowledge of the work being done during its progress over a period of several weeks, and that the city accepted and retained the benefits. The court did not err in charging the law relating to quantum meruit. *Code* § 3-107. As pointed out in *Butts County v. Jackson Banking Co.*, supra, the "reasonable value" which the plaintiff is entitled to recover is not the value of the plaintiff's labor but the value of the benefit to the city resulting from such labor. Apparently the instruction given was so construed, since the defendant's counsel stated to the court that he was excepting to the statement of "an implied promise to pay the reasonable value of such improvement" on the grounds that the rule is not applicable to municipal corporations and that the evidence showed no authorization on the part of the city. This instruction was not erroneous.

*Judgment affirmed. Felton, C. J., and Jordan, J., concur.*