### 53156. SMITH v. BANK OF THE SOUTH.

SHULMAN, Judge.

Following a verdict for defendant Smith and granting of judgment notwithstanding the verdict for plaintiff Bank of the South, the former appeals to this court.

The plaintiff brought suit on a conditional sales contract for the purchase of an automobile, alleging that a balance remained owing thereon. At trial, defendant admitted execution of the note. Plaintiff's only witness, its collection manager, identified the note and two documents which purported to show the balance owing. On direct examination, he testified that the documents were business records of the plaintiff, made and kept in the regular course of business, and that they indicated a balance owing of $995.70. On cross examination, plaintiff's witness admitted to no personal knowledge of the account and to limited knowledge of the records keeping system of the plaintiff. No evidence was introduced for the defendant to contradict the fact of the debt or the amount owing.

Appellant's first enumeration of error contends that the documents denominated by plaintiff as business records should not have been admitted into evidence for failure to lay a proper foundation. This contention is without merit for two reasons. First, the testimony of the plaintiff's witness was sufficient to meet the requirements of Code Ann. § 38-711. While lack of personal knowledge of the making of a business record on the part of a witness may affect its weight, such lack of personal knowledge shall not affect its admissibility. *Ferguson v. Atlanta Newspapers,* 93 Ga. App. 622 (92 SE2d 321). Second, defendant's objection to the admission of the documents was too indefinite to present an issue for consideration by this court. *Freeman v. Young,* 147 Ga. 699 (95 SE 236); *Coleman v. State,* 124 Ga. App. 313 (183 SE2d 608); *McBride v. Johns,* 73 Ga. App. 444 (36 SE2d 822).

The second enumerated error, that one of plaintiff's documents should have been excluded from evidence as being a summary of accounts and not a record of entries made in the regular course of business, is equally without

merit. The record contains testimony by plaintiff's collection manager that the document was a computer printout of balances owed which reflected transactions on those accounts. Such a printout is as much a business record as would be a page from a ledger book bearing the same information. *Cotton v. Eshelman & Sons,* 137 Ga. App. 360 (223 SE2d 757).

We cannot agree with appellant's third enumerated error, that the trial court should have directed a verdict for defendant because of a lack of admissible evidence for plaintiff, in light of the holdings above.

There was no error in granting plaintiff's motion for judgment notwithstanding the verdict. The plaintiff's evidence established the debt and the amount owing. The defendant put forth no evidence to contradict those facts. By the terms of the statute, judgment notwithstanding the verdict was authorized in favor of plaintiff. Code Ann. § 81A-150.

*Judgment affirmed. Quillian, P. J., and Stolz, J., concur.*

SUBMITTED JANUARY 10, 1977 — DECIDED JANUARY 27, 1977.

*Kendric E. Smith,* for appellant.
*Johnston & McCarter, Stuart M. Neiman,* for appellee.