## 56477. FIRST NATIONAL BANK OF ATLANTA v. McCLENDON.

BIRDSONG, Judge.

Appellant First National Bank sued appellee McClendon upon a note, seeking attorney fees and interest. The note with McClendon's signature was attached to the complaint, together with a proper demand letter for attorney fees. In an affidavit attached to a

motion for summary judgment, McClendon admitted the note and his signature. In his answer, McClendon made a general denial but offered no affirmative defenses.

McClendon moved for summary judgment. In his supporting affidavit, he asserts that he purchased a car and obtained the cash for its purchase by signing the note in question. McClendon then sold the car to another, taking the new purchaser's check in payment. McClendon endorsed the check over to the bank. The parties are in agreement that the draft by the new purchaser was dishonored. It appears that the purchase price of the auto was not satisfied by the check. It is not disputed that the bank did not give notice to McClendon for almost a year. In substance, McClendon's motion for summary judgment was based either upon accord and satisfaction or that proper notice was not given to McClendon by the bank of the dishonor of the check. The bank in turn moved for summary judgment based upon the above facts. The trial court dismissed the bank's complaint. Appellant bank enumerates as error the dismissal of its complaint and the denial of its motion for summary judgment. *Held:*

We reverse. Appellee's argument that he was not given notice of dishonor is immaterial inasmuch as the bank's complaint is not on the dishonored check but is based upon the unsatisfied note. McClendon admits the note and his signature thereon. McClendon cannot rely upon an alleged accord and satisfaction for that is an affirmative defense and must be plead specifically. *New House Products v. Commercial Plastics &c. Corp.,* 141 Ga. App. 199 (233 SE2d 45). Affirmative defenses may not be raised by affidavit in support of a motion for summary judgment. Nor has the equitable doctrine of laches any application to the action at law. *Alley v. Alley,* 137 Ga. App. 256, 257 (223 SE2d 288).

McClendon also asserts in his brief that the bank obtained a judgment against the new purchaser and obtained partial satisfaction of the debt. The record nowhere supports such an assertion or argument. This court is a court for the correction of errors and its decisions must be made on the record sent to this court by the clerk of the court below and not upon the brief of counsel. *Life Ins. Co. v. Thomas,* 127 Ga. App. 682 (194 SE2d 625). This

argument presents nothing for this court to review.

The bank proved its note and demand for attorney fees. Appellee McClendon admitted the note and its genuineness. McClendon's asserted defenses were not properly before the trial court. The trial court erred in dismissing the complaint for it clearly stated a cause of action. Furthermore, the bank sustained its burden on its motion for summary judgment by showing that there remained no material issues of fact based upon the pleadings. Thus, the trial court also erred in failing to enter summary judgment for the bank.

*Judgment reversed with direction that upon remittitur, summary judgment be entered for the appellant bank. Bell, C. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 19, 1978 — DECIDED OCTOBER 25, 1978.

*Maley & Crowe, M. Douglas Mann,* for appellant.
*Thomas F. Jones, Arthur Reese,* for appellee.