## 57990. MINNICH v. FIRST NATIONAL BANK OF ATLANTA.

BIRDSONG, Judge.

Action on account. Appellee, the First National Bank of Atlanta, brought suit on a "smart money" account. Appellant Minnich answered with a general denial. At trial, the bank introduced microfilm copies of the account over objection. Following a non-jury trial, judgment was entered for the bank. Minnich brings this appeal contending that the microfilm copies admitted over objection do not qualify as business records and that once the microfilm records are removed from consideration, an insufficiency of evidence to support the verdict results. *Held:*

We affirm. The first pertinent fact that presents itself is that we are not dealing with the daily flow of checks or other negotiable documents. The bank offered photocopies of balance statements of money due. These were mailed to Minnich at the end of each month. The bank's witness testified that the exhibits offered by the bank were microfilm statements of the account of Minnich each month from the billing statement. The only logical reading of this testimony is that each month as the statement of account was mailed to Minnich a microfilm copy of the original statement was made a part of the

normal business records of the bank. The witness had previously testified that the books and records of the bank were kept in the regular course of business and that it was the regular course of business to keep those books and records. The witness identified the documents admitted as photocopies of Minnich's "smart money account" which had been recorded in the regular course of the bank's business.

Contrary to the appellant's contention that no admissible evidence was offered in support of the indebtedness, we find that the trial court properly admitted evidence of the account balance of Minnich's account with the bank, in that the evidence admitted was a suitable photocopy of a microfilm of the monthly statement made contemporaneously with the mailing of that statement each month to Minnich. At the very least there was a requisite showing that the microfilm was made within a reasonable time after the preparation of the statement. *Whitehead v. Joiner*, 234 Ga. 457, 459 (216 SE2d 317).

Code Ann. § 38-711 in part reads as follows: "All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its *admissibility*." (Emphasis supplied.) See in this respect *Smith v. Bank of the South*, 141 Ga. App. 114 (232 SE2d 629); *Cotton v. John W. Eshelman & Sons*, 137 Ga. App. 360 (223 SE2d 757).

The statute further provides that this section (38-711) be liberally interpreted and applied. See also *Wright v. Trust Co. of Ga.*, 108 Ga. App. 783 (134 SE2d 457) and *One In All Corp. v. Fulton Nat. Bank*, 108 Ga. App. 142 (132 SE2d 116). There being no viable defense offered to rebut the prima facie case of indebtedness due, the trial court did not err in entering judgment for the bank. See *First Nat. Bank v. McClendon*, 147 Ga. App. 722, 723 (250 SE2d 175).

*Judgment affirmed. Deen, C. J., Quillian, P. J., McMurray, P. J., Shulman, Banke, Underwood and Carley, JJ., concur. Smith, J., dissents.*

Submitted June 11, 1979 — Decided December 4, 1979 —

*M. David Harrison,* for appellant.
*M. Douglas Mann,* for appellee.

SMITH, Judge, dissenting.

An initial glaring misconception on the part of the majority is evidenced by its focus on the timing of the appellee's act of photocopying its bank record. "[T]hat the *microfilm* was made within a reasonable time after the preparation of the *statement,*" that "a suitable photocopy of a *microfilm* of the monthly statement [was] made contemporaneously with the *mailing* of that statement each month to Minnich" are circumstances which, assuming arguendo they were proven at trial, have absolutely nothing to do with the issue on appeal. (Emphasis supplied.) Rather, the question before this court is whether appellee made the proper Code § 38-711 showing to overcome the hearsay barrier to the admissibility and probative effect of its business records, which were microfilmed at some point in time subsequent to their preparation. That Code section states, in part: "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event shall be admissible in evidence in proof of said act, transaction, occurrence or event if the trial judge shall find that it was made in the regular course of any business and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter." A proper analysis of the instant case, therefore, does not reach the microfilm without first considering the issue of the admissibility of the records microfilmed.

At Ga. L. 1958, pp. 542, 543, the General Assembly stated what it intended on passing Code § 38-711: "[I]t is the purpose of this Resolution for this body to go on record by the adoption of the same as indicating its intent that said section, namely, Code Section 38-711, be given a

liberal interpretation so that records, whether hospital records, or otherwise, made in the ordinary course of business and made as a memorandum or record of an event at or near the time it occurred, or within a reasonable time thereafter, would be admissible in evidence without the necessity of producing the party or parties who made such entries, *provided such records are properly vouched for as provided* in Code section 38-711, and that such records shall be admissible in the trial of all cases even though the right of cross-examination is denied by the application and effect of said Code section 38-711." (Emphasis supplied.) Webster's New International Dictionary (2d Ed., 1955) defines "vouch" as follows: "To support or maintain, as a claim, by producing witnesses or vouchers . . . To bear witness; to give testimony or full attestation." It is thus obvious that the legislature meant for a testimonial foundation to be laid — showing that the business record was made in the regular course of business *and* that it was in the regular course of business to make such a record at the time of the transaction or within a reasonable time thereafter — before the business record could itself be considered or admitted.

The following testimony by the appellee bank's witness was the only vouching made concerning the business record: "Q. (By Mr. Mann) Are the books and records of the First National Bank of Atlanta kept in the regular course of business? A. Yes, sir . . . Q. (By Mr. Mann) Mr. Butler, is it the regular course of business of the First National Bank to keep books and records on their premises? A. Yes . . . Q. (By Mr. Mann) Mr. Butler have you brought with you the books and records of the smart money account maintained by the First National Bank of Atlanta for Fredric C. Minnich? A. Yes. Q. Have you examined those books and records? A. Yes. Q. Were they kept with the records you just previously mentioned? A. Yes, sir. Q. All right. Now, from examination of those books and records, tell me, do you have the statements kept by the plaintiff on this particular account? A. Yes, sir." Following that testimony and after the photocopy of the alleged record had been produced and established as the best evidence, under Code § 38-710, the trial court, over a hearsay objection, allowed in the photocopied

account, which constituted the only evidence produced by appellee in support of its claim.

An examination of the quoted testimony reveals that appellee failed to produce any evidence which, independent of the business record itself, would support a finding that it was the appellee's regular course of business to make such a record *at the time of the transaction* — the paying over of the "smart money" to appellant — or within a reasonable time thereafter. Without the required showing as to contemporaneousness, it follows that the records constituted inadmissible, non-probative hearsay and that appellee failed to prove entitlement to relief under its complaint. The majority completely ignores the established case authority supporting this conclusion as well as the statutory language and the expressed legislative intent. A quotation from *Harris v. Collins,* 149 Ga. App. 638, 639-640 (255 SE2d 107) (1979), illustrates the inadmissibility of the business record proffered below: "The court, over plaintiff's objection, allowed in evidence motor vehicle inspection stickers or receipts for defendant's truck and trailer, and they were introduced for the purpose of proving the truth of the matter contained in the writings, i.e., that the brakes were, as indicated on the writings, 'OK.' The writings were made by a person not available for cross examination and were clearly hearsay; and, since there was no foundation laid as required by the Business Records Act, Code Ann. § 38-711, they could not come in under that Act. 'Preliminary proof is necessary before the writing or record is admissible under this exception (to the hearsay rule). The evidence should include identification of the writing or record by a witness who is familiar with the method of keeping records and who can testify thereto and to facts which show that the entry was made in the regular course of business *and* that it was the regular course of the business to make such memorandum or record at the time of the event or within a reasonable time thereafter.' Green, The Georgia Law of Evidence 619, § 313; *Martin v. Baldwin,* 215 Ga. 293, 302 (4) (110 SE2d 344) (1959); *Walburn v. Taunton,* 107 Ga. App. 411 (2) (130 SE2d 279) (1963)." (Emphasis supplied.) For like interpretations of similar statutes, see Logan v.

Grady, 482 SW2d 313 (Tex. Ct. of Civ. App., 1972); National Car Rental System v. Holland, 269 S2d 407 (Fla. Dist. Ct. of App., 1972); Dept. of Mental Health v. Beil, 357 NE 2d 875 (Ct. of App. of Ill., 1976); and Monarch Federal Savings & Loan Assn. v. Genser, 383 A2d 475 (Super. Ct. of N. J., 1977). If bank records are to be treated as admissible, probative evidence without the requisite independent foundation, the legislature, not this court, should rewrite Code § 38-711; further, neither is it the prerogative of any court merely to assume — as the majority apparently does — that all bank records are made contemporaneously with the transaction.

None of the cases cited by the majority contradicts my position. In fact, in *Whitehead v. Joiner,* 234 Ga. 457 (216 SE2d 317) (1975), which the majority cites as supportive, there had been an independent showing in the trial court as to the time of the preparation of the admitted record in relation to the time of the transaction. Here, there was no such independent vouching. Likewise inapposite are the majority's reference to *Smith v. Bank of the South,* 141 Ga. App. 114 (232 SE2d 629) (1977) and *Cotton v. John W. Eshelman & Sons,* 137 Ga. App. 360 (223 SE2d 757) (1976) and its quotation of part of Code § 38-711, dealing with the stipulation that such things as the lack of personal knowledge on part of the entrant are to affect the weight of the record and not its admissibility. I do not question that stipulation, which does not countermand the requirement that the proper foundation be laid.

The business record cannot be said to prove itself. Instead, the business record exception to the hearsay rule should be treated like Code § 38-711 requires and like any other hearsay exception, with the required foundation first having established admissibility.