## 62676. BARGE & COMPANY, INC. v. CITY OF ATLANTA.

McMurray, Presiding Judge.

On June 17, 1976, Barge and Company, Inc. entered into a contract with the City of Atlanta, Georgia, as owner, for the construction of the Bolton Road pumping station and service building. The contract was a voluminous document consisting of some 233 pages and provided, among many other things, for extra work and changes in the work. No claims for any extra work or materials were to be allowed, "unless the work is ordered in writing by the Owner or its Engineer, acting officially for the Owner." It further provided that any extra work or cost was to be done "in pursuance of a written order of the Engineer, as aforesaid, and the claim presented with the first estimate *after the changed or extra work is done.*" (Emphasis supplied.) Under the authority of the engineer, we find that his decision "shall be final and conclusive, except as otherwise expressly provided herein. In case any questions shall arise between the parties hereto relevant to said contract or specifications, the determination or decision of the Engineer shall be a condition precedent to the right of the Contractor to receive any money or payment for work under this contract affected in any manner or to any extent by such question." In regard to payment for the extra work performed by the contractor same must be "authorized by the Engineer and approved by the Owner," to be paid as agreed upon "in written change orders signed by the Contractor, Engineer and Owner *before such work is done.* All extra work shall be subject to all other conditions of the contract." (Emphasis supplied.) "Contractor" is defined as the individual, firm or corporation selected by the owner as the successful bidder; "Owner," as the corporate body designated in the contract, the City of Atlanta; and "Engineer," as being the engineer selected by the owner for the performance of all engineering services in connection with the design and construction of the work and his duly authorized representatives.

We are concerned here with an item known as Change Order No. 3 for reimbursement for delays in the amount of $40,000 and to increase the time of completion from 450 consecutive calendar days (shown in another place as.495 days) to a new contract time of 945 days. This change order was prepared on a City of Atlanta form and executed by the contractor and by the architect/engineer. A letter was prepared by the engineer for this construction project explaining the reasons for the need for the change order due to delays caused by others and due to the encounter of a 42 inch water main requiring relocation of tunneling with a cost breakdown as to the reasons therefor caused by the delay. After the acceptance of the building and

the operation of a pumping station on a permanent basis a final billing was presented to the city for the amount of $80,000, covering retainage of $40,000 and the change order in the amount of $40,000 for reimbursement of the numerous project delays set forth in the change order. The "semi-final payment of $40,000" was eventually received by Barge. Barge now contends it was owed interest on the final payment on the original contract and another $40,000 on the change order, together with interest. Two officials of the City of Atlanta (the field engineer and the chief of the construction management division) eventually approved the change order which had been arrived at by negotiation. However, it does not appear that other officials of the city such as the Mayor, the Commissioner of Finance, the Director of the Bureau of Purchasing and Real Estate, and the Commissioner of the Department of Environment and Streets, ever signed for the owner, the City of Atlanta. The service building was completed in February 1978 but the pumping station itself could not be turned over to the city until another contractor brought in the sewer line for connection to the pumping station, and a period of about four months elapsed during which this hookup delayed the final completion of the pumping station.

Eventually Barge and Company, Inc., after obtaining no satisfaction from the city with reference to the failure to pay the claimed $40,000 change order and also in failing to pay on time the retainage of $40,000 which it contended was due at the expiration of 30 days after completion of the work, and the city did not pay same until one year later, brought an action against the city seeking the $40,000 authorized by the change order, including interest at 1 1/2% per month from August 28, 1978, until paid in full by the city, as well as interest at 1 1/2% per month from August 28, 1978, to November 8, 1979, for the loss of use of the final payment on the original contract during that period of time. It amended its complaint to add a Count 2 based on quantum meruit for the additional work it had performed but had received no payment.

The city answered, inter alia, admitting in general the facts set forth above with reference to entering into the contract for the construction of the pumping station and service building, the completion of all construction on August 28, 1978, at which time the city began to have the full use of the entire project but otherwise denied the claim of the plaintiff.

The case proceeded to trial and resulted in a verdict for the plaintiff against the city in the amount of $11,388.91 "in payment of services rendered as caused by the delay of the original contract (includes interest on the principal amount of $9,633.00 at an annual rate of 9%)." The judgment was in the amount of $11,388.91.

Plaintiff appeals. *Held:*

1. It is noted here that this case proceeded to trial based upon separate counts and seeking first a sum due plus interest by reason of a change order to the original contract. In addition, the plaintiff in a separate count sought the value of its work based upon quantum meruit. Another issue in the case was one in which the plaintiff sought interest on the retainage of $40,000 under the written contract which was not paid in accordance with the contract for more than a year after it was allegedly due. The jury awarded the sum of $11,388.91 in payment of services rendered "as caused by the delay of the original contract." This award by the jury may have been under the so-called change order or it may have been rendered on the basis of quantum meruit. The jury also recited therein that it included interest on the principal amount of $9,633, "at an annual rate of 9%." We proceed to consideration of the sufficiency of the evidence as complained of in the enumerations of error based upon the above facts in this case:

(a) In *DeKalb County v. Scruggs,* 147 Ga. App. 711 (1), 712 (250 SE2d 159); and *DeKalb County v. PMS Constr. Co.,* 148 Ga. App. 413, 414 (4), 419 (251 SE2d 334), reversed on other grounds in *PMS Constr. Co. v. DeKalb County,* 243 Ga. 870 (257 SE2d 285), s. c. 151 Ga. App. 63, 64 (258 SE2d 730), it has been held that a county as a unit of government may not be sued in quantum meruit for a governmental unit may be sued only when made so by statute, and when it deals with others it must be by written contract and not on a quantum meruit basis. However, it is noted here that in *PMS Constr. Co. v. DeKalb County,* 243 Ga. 870, supra, the Supreme Court modified the opinion of the Court of Appeals and reversed it insofar as that decision intimated that "restitution is an inappropriate remedy for breach of an express contract." The Supreme Court therein found at page 871, "that while a county may not be sued on a theory of implied contract, restitution may be used as the measure of damages." On the return of the remittitur from the Supreme Court this court therein held in *DeKalb County v. PMS Constr. Co.,* 151 Ga. App. 63, 64 (3), supra, that a cause of action was set out against the county "for damages as restitution for breach of an express contract." A municipal corporation being itself a subdivision of the state likewise operates on the same principle set forth above, and quantum meruit is not a remedy to be used against such governmental unit which may be sued only in accordance with law which requires that it operate by the use of written contracts. We note here, however, that the defendant city is not complaining as to the judgment but it is the plaintiff which is dissatisfied with the amount it received.

(b) Plaintiff was awarded a judgment in the principal amount of $9,633, plus interest, at an annual rate of 9%. Error is enumerated

here that the plaintiff was entitled to $40,000 plus interest at 7% per annum, hence, the jury award was contrary to the evidence and contrary to Georgia law. Plaintiff contends (disregarding its quantum meruit complaint for the reason stated above) that there was a written change order approved by the contractor (the plaintiff) and the engineer, as well as certain other lesser officials of the City of Atlanta. This is shown by the evidence. However, the owner, the corporate body designated in the contract (the City of Atlanta) never approved the change order which was in writing with reference to the extra work allegedly performed. All extra work must be "authorized by the Engineer and approved by the Owner," to be paid as agreed upon "in written change orders signed by the Contractor, Engineer and Owner before such work is done." Another part of the contract states that no claims for extra work or materials were to be allowed, "unless the work is ordered in writing by the Owner or its Engineer, acting officially for the Owner." Here, of course, the change order was approved by the contractor and the engineer. We further find in the contract that any work or cost was to be done "in pursuance of a written order of the Engineer . . . and the claim presented with the first estimate after the changed or extra work is done." This part of the contract is somewhat in conflict with the statement above requiring written change orders "before such work is done." We, therefore, are forced to call upon the rules of construction with reference to the ambiguity set forth which fails to ascertain the true intention of the parties. If the interpretation of the language in a contract cannot be determined generally as a question of law by the court and is so ambiguous that it cannot be resolved by the ordinary rules of construction then it becomes a jury issue. *Garner v. Metropolitan Life Ins. Co.,* 152 Ga. App. 242, 243 (262 SE2d 544). However, at page 243 that case states that where there are contradictory clauses the first of the two clauses will prevail, citing *Hardman v. Dahlonega-Lumpkin County Chamber of Commerce,* 238 Ga. 551, 553 (233 SE2d 753). See also in this connection *Atlanta Biltmore Hotel Corp. v. Martell,* 118 Ga. App. 172, 175 (3) (162 SE2d 815); *Hull v. Lewis,* 180 Ga. 721, 724 (180 SE 599); *Whitney v. Hagan,* 65 Ga. App. 849, 851 (16 SE2d 779). These cases hold that in the event of an irreconcilable conflict in the provisions of a contract the provision first set forth in the contract prevails. Accordingly, the provision here which appears to authorize the contract to proceed upon the written order of the engineer to perform the work and then present the claim "with the first estimate after the changed or extra work is done," would prevail over the later language requiring approval of all parties, "before such work is done." Here the evidence discloses that the amount of $40,000 was reached by a consensus

opinion of several officials of the city (the contractor claiming more than $65,000) and the agreed price of $40,000 was thus arrived at by the parties. Accordingly, the trial court erred in awarding the plaintiff the lesser amount rather than the $40,000 plus interest. The interest must be determined based upon Code § 57-110 which states that "[a]ll liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them," and the legal rate of interest set forth in Code Ann. § 57-101 (Ga. L. 1975, p. 370, amended by Ga. L. 1979, pp. 355, 356, effective March 9, 1979).

2. The remaining enumeration of error complains that the trial court failed to award plaintiff interest at the rate of at least 7 percent per annum on the retainage of $40,000 for the period from September 28, 1978, to November 8, 1979, the same being contrary to the evidence and contrary to the law. It is noted here that the plaintiff's brief fails to point out where in the contract the retainage was due and when same was due. Nor does it point out in the record and transcript of the trial and proceedings that same was demanded by the evidence. In the argument counsel for plaintiff points out that there is "no question but that the City was obligated to pay Barge on September 29, 1978, and that the City withheld payment until November 8, 1979." The pleadings do state or imply that the $40,000 retainage had been paid. However, the defendant in general denied the substance of the pleadings. Rule 15 of this court, as to structure and content (Code Ann. § 24-3615), requires a citation of such other parts of the record or transcript as are essential to a consideration of the errors complained of. This rule has not been adhered to in that the plaintiff has failed to point out in the transcript where the evidence or lack of evidence may be found to enable us to determine whether or not the defendant failed to properly pay interest on the retainage claimed. Accordingly, we decline to reverse based upon this enumeration of error. See *Moore v. Carrington,* 155 Ga. App. 12, 13 (3) (270 SE2d 222); *McTier v. State,* 153 Ga. App. 551, 553 (4) (265 SE2d 876); *Woodson v. Burton,* 151 Ga. App. 401 (1) (259 SE2d 657); *Morris v. Hodge,* 152 Ga. App. 815 (264 SE2d 482).

*Judgment affirmed in part and reversed in part. Quillian, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 1, 1982 —
REHEARING DENIED MARCH 17, 1982.

*Moreton Rolleston, Jr.,* for appellant.

*James A. Barnett,* for appellee.