### 63444. CITY OF SAINT MARYS v. STOTTLER STAGG & ASSOCIATES, INC.

CARLEY, Judge.

Appellee brought suit to recover in quantum meruit for certain survey work done for appellant. Appellant appeals from the entry of judgment on a jury verdict finding for appellee.

1. Appellant enumerates the general grounds. Appellant sought recovery for two separate surveying projects, a "large tract" survey of approximately 225 acres and a group of 32 "small tract" surveys. With regard to the "large tract" appellant urges that there was no evidence of the value to it of the survey. Appellee's vice president and secretary testified that the itemized invoice which was sent to appellant for this survey was the reasonable value of the services rendered. This was sufficient evidence to support the verdict as to the "large tract" survey. See *G. E. C. Corp. v. Levy,* 126 Ga. App. 604, 606 (1) (191 SE2d 461) (1972).

Appellant also asserts that there was insufficient evidence that the "small tract" surveys had ever been used and that consequently a recovery in quantum meruit for the services rendered in making those surveys cannot stand. Our review of the record demonstrates that a quantum meruit recovery was authorized by the evidence in

the instant case. See generally *Douglas v. Rogers,* 10 Ga. App. 486 (2) (73 SE 700) (1911).

Appellant also contends that it was error to deny its motion for a directed verdict as to certain surveys in the "small tract" project which were only 90 percent complete. The evidence shows that these surveys were only 90 percent completed by appellee because appellant terminated the underlying "agreement" and ordered further work on them to cease. The evidence further demonstrates that these incomplete surveys were accepted by appellant and were of some benefit to it. It was not error to deny appellant's motion for directed verdict as to these surveys. See *City of Eastman v. Ga. Power Co.,* 69 Ga. App. 182 (25 SE2d 47) (1943); *Brown v. Home Sec. Corp.,* 106 Ga. App. 147 (126 SE2d 439) (1962). Where, as here, an "agreement" exists to perform lawful services for a municipality but it is not otherwise enforceable as a valid express contract, a recovery in quantum meruit is authorized to the extent of the value of the benefit that the municipality receives. *City of Gainesville v. Edwards,* 112 Ga. App. 672 (145 SE2d 715) (1965). That the municipality may not have received the full value of the services as it otherwise would have had it not ordered their termination does not, in our opinion, preclude a recovery in quantum meruit for the value of the benefit of such services as the municipality did receive. *Brown,* 106 Ga. App. 147, supra. "[I]f a contract has been repudiated by both parties, it ceases to be the criterion for measuring their rights and liabilities, and in such a case, even though the work has not been done according to the contract, if it is received and if it is of benefit to the party receiving it, the plaintiff is entitled to the reasonable value of the services rendered. [Cit.]" *Brumby v. Smith & Plaster Co.,* 123 Ga. App. 443, 444 (181 SE2d 303) (1971).

We find no merit in the general grounds for any reason urged on appeal. *City of Gainesville,* 112 Ga. App. 672, supra; *Brumby,* 123 Ga. App. 443, supra; *G. E. C. Corp.,* 126 Ga. App. 604, supra.

In so holding, we are not unaware of dicta in *Barge & Co. v. City of Atlanta,* 161 Ga. App. 675 (288 SE2d 98) (1982) to the effect that quantum meruit is not an available remedy against a municipality. The dicta in *Barge & Co.* was based upon a conclusion that *PMS Const. Co. v. DeKalb County,* 243 Ga. 870 (257 SE2d 285) (1979) holding that quantum meruit is not an available remedy against a county, was authority for the proposition that a recovery in quantum meruit against a municipality was likewise barred. "A municipal corporation being itself a subdivision of the state . . ., quantum meruit is not a remedy to be used against such governmental unit which may be sued only in accordance with law which requires that it operate by the use of written contracts."

*Barge & Co.,* 161 Ga. App. at 675, supra.

However, it appears that the holding in *PMS Const. Co.* is more restrictive than the interpretation given it in *Barge & Co.* Quantum meruit "is not available when a *county* is the defendant. This result is dictated by the *statutory requirements* for establishing a contract with a county. See Code Ann. § 23-1701 and Division 1." (Emphasis supplied.) *PMS Const. Co.,* 243 Ga. at 872, supra. We know of no "statutory requirements" for establishing a contract with a municipality which are comparable to those cited in *PMS Const. Co.* as precluding a quantum meruit recovery against a county. Indeed it appears to have long been the law that, under certain circumstances, quantum meruit is an available remedy against a municipality. "Since the city could have legally contracted for the service it received, it would seem that an implied contract would arise to pay a reasonable value for such beneficial service. We find no decision in Georgia to prohibit it; and the many cases hereinabove cited and others, under the 'common-honesty rule,' intimate the liability of the city." *City of Eastman,* 69 Ga. App. at 192, supra. See also *City of Gainesville,* 112 Ga. App. 672, supra. Accordingly, the dicta in *Barge & Co.* to the broad and general effect that quantum meruit is not an available remedy against a municipality is not controlling in the instant case and will not be followed in the future. Appellant-city in the case at bar does not assert that it could not have legally contracted for appellee's services, contesting only the sufficiency of the evidence generally to authorize a recovery in quantum meruit. As discussed above, the evidence in this regard was sufficient.

2. In related enumerations of error appellant asserts that the trial court erroneously admitted certain documents into evidence over the objection that the proper foundation for the admission of business records under Code Ann. § 38-711 had not been laid. It appears that, in all four instances, the only foundation laid consisted of testimony that it was the normal course of appellee's business to maintain records "such as" those being offered for admission into evidence. There was no testimony that the actual documents themselves were made in the regular course of appellee's business. "A record or writing is not admissible under Code (Ann.) § 38-711 without the testimony of a witness whose evidence shows that *the writing or record offered* is a memorandum or record of an act, transaction, occurrence, or event made in the regular course of the business, *and* that it was the regular course of the business, to make such memorandum or record at the time of such act, transaction, occurrence, or event, or within a reasonable time thereafter." (Emphasis supplied.) *Martin v. Baldwin,* 215 Ga. 293, 294 (4) (110 SE2d 344) (1959). Unless there is foundation testimony as required

by the statute that the actual documents themselves were made in the regular course of business, it cannot be said that the evidence which is being offered is in fact a business record coming within the ambit of Code Ann. § 38-711. Cf. *Stewart v. State,* 246 Ga. 70, 73 (3) (268 SE2d 906) (1980). Accordingly, we find that the challenged documentary evidence was erroneously admitted in the instant case. See *Walburn v. Taunton,* 107 Ga. App. 411 (2) (130 SE2d 279) (1963).

*Judgment reversed. Quillian, C. J., Deen, P. J., Banke and Birdsong, JJ., concur. Shulman, P. J., Sognier and Pope, JJ., concur as to Division 1 and dissent as to Division 2. McMurray, P. J., concurs in the judgment only.*

DECIDED JUNE 25, 1982 —
REHEARING DENIED JULY 13, 1982.

*Charles C. Smith, Jr.,* for appellant.
*Stephen L. Berry, Phillip M. Eddings,* for appellee.

SHULMAN, Presiding Judge, dissenting.
I respectfully dissent to Division 2 of the majority opinion. I cannot agree with such a constricted application of Code Ann. § 38-711, especially since the express intention of the statute is "... that it shall be liberally interpreted and applied." Code Ann. § 38-711; *Minnich v. First Nat. Bank,* 152 Ga. App. 833, 834 (264 SE2d 287); *One In All Corp. v. Fulton Nat. Bank,* 108 Ga. App. 142 (3) (132 SE2d 116). See also *Eiberger v. Martel Electronic Sales,* 125 Ga. App. 253 (1) (187 SE2d 327).

In the instant case the foundation could probably have been more effectively established by certain routine questions, but the transcript clearly indicates that a substantial compliance with the code section was effected.

This judgment is based on the jury verdict. " 'Presumptions favor the validity of verdicts and a construction, if possible, will be given which will uphold them.' " *Suber v. Fountain,* 151 Ga. App. 283, 290 (259 SE2d 685); Code Ann. § 110-105.

The majority opinion flaunts the manifest intention of the General Assembly.

I would affirm. I am authorized to state that Judge Sognier and Judge Pope join in this dissent.