### In re GULPH WOODS CORPORATION, Debtor.

**Bankruptcy No. 87–03093S.**

United States Bankruptcy Court, E.D. Pennsylvania.

Feb. 8, 1988.

---

Pace Reich, Philadelphia, Pa., for debtor.

Leonard P. Goldberger, Philadelphia, Pa., Kenneth S. Goodkind, Metro Corporate Campus I, Woodbridge, N.J., for Nassau Sav. and Loan Ass'n.

Thomas D. Rees, Norristown, Pa., for Lower Merion Sewer Authority.

## MEMORANDUM SUR EVIDENTIARY ISSUES

DAVID A. SCHOLL, Bankruptcy Judge.

At the close of eight days of testimony between October 19, 1987, and December 3, 1987, at a consolidated hearing on a Motion of Nassau Savings and Loan Association (hereinafter referred to as "Nassau") for Relief from Automatic Stay, for Adequate Protection, and for Other Relief; and Motions of the Debtor (1) to Sell Four Building Lots [the "T" lots] Free and Clear, (2) for Authority to Use Cash Collateral, and (3) to Borrow and Incur Debt Pursuant to Section 364(d), Nassau moved for the admission of certain exhibits. The Debtor objected to the admission of Exhibits N–30 and N–31 (State Ethics Commission Orders) and Exhibits N–45 and N–46 (Monthly Statements) into evidence. We find that the State Ethics Commission Orders are clearly admissible under Rule 803(8)(C) as public reports. The Monthly Statements are clearly admissible as business records under 803(6); however, there remains some doubt as to whether the requirements of the best evidence rule contained in Rule 1002 have been satisfied, which causes us to reserve our decision of their admissibili-

ty until we have an opportunity to review the transcript.

## I. The State Ethics Commission Orders

█ As one alternative, Nassau offered into evidence two orders of the State Ethics Commission (Exhibits N–30 and N–31) for the purposes of impeaching the testimony and attacking the character of the Debtor's principal witness, John S. Trinsey, Jr. These Orders are inadmissible for either of these purposes.

Rule 608 of the Federal Rules of Evidence (hereinafter referred to as "F.R.E.") specifically addresses the manner by which evidence may be used to impeach the character of a witness. Subject to certain limitations, the credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation. F.R.E. 608(a). However, specific instances of conduct, used to attack the credibility of a witness, may not be proved by extrinsic evidence. F.R.E. 608(b). Thus, to the extent that the Orders of the State Ethics Commission are offered to attack the credibility of Mr. Trinsey, they are inadmissible.

█ However, as another alternative, Nassau offered these Orders into evidence to prove the substantive factual allegations contained within these documents as contradictory of the testimony of Mr. Trinsey. These documents are plainly hearsay and, as such, are inadmissible in evidence unless they fall within the hearsay exception of F.R.E. 803(8)(C). The Debtor contends that these documents do not fall within the exception because they are not "factual findings" and are not trustworthy.

Rule 803(8)(C) establishes an exception to the hearsay rule for

[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth ... (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

As the explicit language of 803(8)(C) provides for the admission of an entire agency report if the report includes, *inter alia,* factual findings, the entire report will be admissible if it meets the Rule's requirements. Resolution of this issue involves determination of what constitutes "factual findings." The most cogent analysis of the definition of "factual findings" within the context of 803(8)(C) can be found in *Zenith Radio Corp. v. Matsushita Elec. Ind. Co.,* 505 F.Supp. 1125, 1144 (E.D.Pa.1980) (Per BECKER, J.), *aff'd in part and rev'd in part sub nom. In re Japanese Electronic Products Antitrust Litigation,* 723 F.2d 238 (3d Cir.1983):

Black [Law Dictionary] defines a finding variously as "the result of deliberations of a jury or the court; a decision upon a question of fact reached as the result of a judicial examination or investigation; a determination from the evidence of a case; a conclusion by way of reasonable inference from the evidence." These definitions comport with the common sense meaning of "finding" and support the view that a finding does not include legal conclusions that may have been reached by an investigator and is necessarily something more than a mere recitation of evidence, although we think the term is broad enough to encompass any statement of fact that represents a conclusion on the part of an investigator and that such factual statements need not be formally termed "findings" in order to come in under 803(8)(C).

A review of the State Ethics Commission Orders in issue indicates that the "findings" in Section A of the Orders are nothing more than a recitation of all the evidence presented to the Commission. Section B of these documents, however, contains the factual conclusions reached by the Commission on the basis of the evidence stated in Section A. The Commission specifically found on the basis of the evidence that Mr. Trinsey had misappropriated funds obtained for the Rebel Hill project to finance a trip to the Henley Regatta in England for certain Township Commissioners. (See page 30 of Orders). These factual statements, as to the activities of Mr.

Trinsey, contained in Section B of the State Ethics Commissions Orders, clearly qualify as "factual findings" within the context of 803(8)(C).

Furthermore, this Court rejects the Debtor's contention that the State Ethics Commission Orders are only advisory in nature and thus fails to meet the "factual findings" requirement of 803(8)(C).

The Debtor relies upon *In re Japanese Electronic Products Antitrust Litigation,* 723 F.2d 238 (3d Cir.1983), the Third Circuit Opinion in the *Zenith* case reference *supra,* to oppose admission of these documents. In *Japanese Electronic,* the Third Circuit affirmed the trial court's exclusion of an administrative finding which was merely a comprehensive statement of reasonable cause to pursue a more thorough investigation. Though the Proceeding Notice and the State Ethics Commission Orders are similar in that they are both advisory in nature and suggest that further investigation be undertaken, the similarities end there. Unlike the administrative findings in issue in *Japanese Electronic,* the State Ethics Commission held a formal hearing, heard testimony from all the interested parties, and made a final conclusion of law based upon the evidence before it. The fact that the Order does not carry any criminal punishment with it should not be sufficient to exclude the report under 803(8)(C).

Thus, per 803(8)(C), the State Ethics Commission Orders are reports of a public agency which sets forth factual findings resulting from an investigation made pursuant to authority granted by law and which is offered in a civil action. Nevertheless, this Court must exclude these Orders from evidence if it deems "the sources of information or other circumstances indicate lack of trustworthiness." F.R.E. 803(8)(C).

■ The Third Circuit has consistently held, "when considering whether an official report is sufficiently reliable to be admitted under 803(8)(C), the court should start from the premise that such reports of investigations are presumed to be reliable." *Japanese Electronic,* 723 F.2d at 265. "The

indice of reliability for the governmental investigative report is the fact that it is prepared pursuant to a duty imposed by law." *Id.* at 268. Moreover, the Court of Appeals held as follows:

Before [untrustworthiness] objections may be recognized ... the party challenging the validity of an official report admitted under 803(8)(C) must come forward with some evidence which would impugn its trustworthiness.

*Melville v. American Home Assurance Co.,* 584 F.2d 1306, 1316 (3d Cir.1978). *Cf. Moran v. Pittsburgh–Des Moines Steel Co.,* 183 F.2d 467, 472–73 (3d Cir. 1950) (before the codification of the Federal Rules of Evidence, held that a trial court erred in rejecting a report of the Bureau of Mines which supported a plaintiff's contention that negligent design of a gas tank has caused a disaster). *Id.* at 265.

In *Zenith, supra,* the District Court stated as follows:

The Advisory Committee addressed the important questions of the criteria to be applied in determining trustworthiness of evaluative reports, listing the following factors for assistance in passing upon admissibility:

(1) the timeliness of the investigation ...; (2) the special skill or experience of the official ...; (3) whether a hearing was held and the level at which conducted ...; (4) possible motivation problems....

Advisory Committee note to 803(3). 505 F.Supp. at 1146.

It is uncontroverted in this case that the investigation was timely, that the State Ethics Commission possessed experience in conducting investigations of corruption, and that there were no motivational problems. However, these facts are not conclusive on the issue of trustworthiness, since the Third Circuit has held that, in ruling on the admission of findings by public agencies, a trial court need not be restricted to the four factors listed by the Advisory Committee.

The Debtor contends that the Orders are untrustworthy for the following reasons:

(a) The Orders are permeated with hearsay and undisclosed sources of information;

(b) Mr. Trinsey was not the focus of the investigation; and

(c) Mr. Trinsey was not represented by counsel at any time before the Commission, nor was he permitted to participate in the hearing beyond his own testimony.

The trial court in *Zenith, supra,* 505 F.Supp. at 1155, ruling on similar arguments raised by the defendant there, held that an investigative report by the Treasury Department to be untrustworthy because, *inter alia:* (a) The investigation included hearsay, confidential communications, and ex parte evidence; (b) The procedures did not provide for cross-examination; (c) There was no evidentiary hearing; and (d) There was no ascertainable record. The Third Circuit, in reversing the trial court's ruling on this point, held that "neither singly nor collectively do these reasons overcome the presumption of reliability." *Japanese Electronic,* 723 F.2d at 268.

In light of the Third Circuit's above ruling in *Japanese Electronic,* we reject the Debtor's objections to the trustworthiness of the State Ethics Commission Orders. There, the Third Circuit clearly held that the fact that public report is based on hearsay or undisclosed evidence is insufficient to overcome the report's presumption of reliability. *Id.* at 268, 270. The facts that Mr. Trinsey was deprived of the procedural protections of counsel, opportunity to cross-examine, or to submit evidence also fail to overcome the presumption that the report is trustworthy. Moreover, the fact that Mr. Trinsey was not the focus of the investigation is not sufficient to overcome the presumption that the evidence obtained and the legal conclusions made by the Commission with respect to Mr. Trinsey were reliable.

This Court therefore will allow the admission of the State Ethics Commission Orders into evidence, as the Orders clearly satisfy the requirements of 803(8)(C).

## II. The Monthly Statements

■ Nassau also seeks to introduce N–45 and N–46, copies of Monthly Statements of the Debtor's loan account, into evidence to establish the amount of the Debtor's obligation to it as of the specific dates of the Statements. The Debtor objects to the admission of these documents under F.R.E. 1006, since Nassau failed at any time to offer the original business records for inspection.

Computerized business records, like other written documents, are necessarily hearsay and may not be admitted into evidence to prove the truth of the matter asserted therein unless they fall within the hearsay exception of Rule 803(6). However, in addition, the admissability of these records is subject to the best evidence rule.

Where a party attempts to prove the content of a writing, the best evidence rule requires the production of the original writing. F.R.E. 1002. F.R.E. 1001(3) defines an "original" to include "any counterpart intended to have the same effect by the person executing or issuing it." The rule also provides that "if data are stored into a computer ..., any printout ... shown to reflect the data accurately, is an 'original.'" F.R.E. 1001(3). Thus, a computerized record may be admitted into evidence as an "original" only after the court has made a fact-specific determination as to the intent of the drafters and the accuracy of the documents.

■ In today's commerical world, a single transaction often generates successive entries of the same information in separately prepared writings. Though the purposes of these separate records may be different, a computerized business record, prepared simultaneously with or within a reasonable time period of the written record, and containing the same or similar information, would appear to be no less an "original" than a handwritten record. *See* 5 LOUISELL & MUELLER, FEDERAL EVIDENCE, § 354, at 309–315 (1977). However, it seems equally clear that where a written record, prepared prior to the com-

puter record, contains a more detailed and complete description of the transaction than that contained in the computer record, the proponent of the evidence should be required to produce the more detailed record, or account for its nonproduction under F.R.E. 1004. *Id.* Similarly, where a computerized record appears to be nothing more than a summary of a more detailed written record, the written record should be produced except where the requirements of F.R.E. 1006 have been satisfied.

It is necessary for this Court to turn to the record to determine whether the documents at issue constitute an original writing or a summary of an original writing. Based solely on the facts contained in the motion, it is clear that the monthly statements were made from information transmitted by persons with knowledge and were prepared on a monthly basis. However, there is no indication as to whether the computer record was prepared within a reasonable time of the written record, or whether the written record, if any, contained more or less information than that in the computer record.

An examination of the documents themselves would appear to indicate that the documents are more than a mere summary. The Statements reflect a day-by-day account of the accrual of the interest upon the outstanding loan and appear to be a complete record of the transactions which occurred in the Debtor's account during the months stated. The documents involved thus appear to be similar to pages from the bank's ledger sheet, and thus should be admissible as "originals." However, without further indication in the record as to how these documents are prepared, we are hesitant to rule on whether Nassau has laid the foundation that these documents constitute original business records. Frankly, given the length of the record, we are at this point unable to recall whether the record contains such sufficient foundation until we review the completed transcript.

■ If the transcript shows that the monthly statements were prepared within a reasonable time of any written record, and reflect the transactions as they occurred,

then these documents would constitute "originals" within the meaning of the best evidence rule. The fact that a party selects weaker competent evidence instead of stronger competent evidence should not be cause to deny the admission of such evidence under the best evidence rule. *See United States v. Russo*, 480 F.2d 1228, 1239–40 (6th Cir.1973); and *Smith v. Bank of South*, 141 Ga.App. 114, 232 S.E. 2d 629, 630 (1977).

If, however, the transcripts show these documents to be inferior substitutes or summaries of more detailed written records, then admission of these documents may be denied on the basis of the requirements of both F.R.E. 1004 and 1006.

An Order consistent with our above-stated conclusions will be entered.